UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAUL REVERE LIFE INSURANCE COMPANY, THE,** | **MASTER FILE: 07-CV-1648 (WJM)** |
| **Plaintiff,** | |
| v. | OPINION |
| **STEVEN R. FINK,** | HON. WILLIAM J. MARTINI |
| **Defendant.** | |

Robert T. Pindulic
White & Williams LLP
The Atrium
East 80 Route 4
Paramus, NJ 07652

(*Counsel for Plaintiff*)

Bonny G. Rafel
570 W. Mt. Pleasant Avenue
Suite 106
Livingston, NJ 07039

(*Counsel for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

      The Paul Revere Life Insurance Company moves under Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss Steven R. Fink's Counterclaims.  This Motion is **GRANTED**.

<u>FACTS AND PROCEEDINGS</u>

      This is in essence a relatively simple contract dispute, which concerns only one term in a disability insurance contract.  In 1992, Paul Revere issued a disability insurance policy to Fink that provided for a monthly benefit should Fink fall under total disability.  (Compl. ¶ 5.)  The

policy defined total disability as a condition caused by sickness or injury that (1) prevented Fink from performing his job, and (2) could not be alleviated by "Physician's Care." (Compl. ¶ 7.) The policy defined "Physician's Care" to mean "the regular and personal care of a Physician which, under prevailing medical standards is appropriate for the condition causing the disability." (Compl. ¶ 8.)

This dispute arose in 2005 when Fink submitted an application for disability insurance to Paul Revere. (Compl. ¶ 10.) In the application, Fink alleged that he had carpal tunnel syndrome and was unable to continue his work as a dentist. (Compl. ¶ 10; Countercl. ¶¶ 15–16.) Initially, Paul Revere accepted Fink's application and paid Fink monthly benefits under his disability policy. (Compl. ¶ 11.) After investigating, however, Paul Revere determined that Fink could alleviate his carpal tunnel syndrome with surgery. (Compl. ¶ 12–16; Countercl. ¶ 20.) Fink refused to undergo this surgery. (Compl. ¶ 17.)

Paul Revere then filed this suit. It seeks a declaratory judgment that Fink does not meet the policy's definition of total disability because he refuses to undergo appropriate treatment. (Compl. ¶ 27–28.) Paul Revere accordingly seeks also a declaratory judgment that it is not obligated to pay Fink disability benefits, that it is entitled to reimbursement of benefits already paid, and that it is entitled to all of Fink's past due premiums. (Compl. ¶ 30.) Thus essentially, Paul Revere seeks a declaratory judgment that surgery for Fink constitutes "the regular and personal care of a Physician which, under prevailing medical standards is appropriate for the condition causing the disability." Despite these contentions, Paul Revere has paid and will continue to pay Fink monthly benefits until this suit is resolved. (Compl. ¶ 11.)

Fink counterclaimed. Unlike Paul Revere, Fink does not view this case as a simple

contractual dispute. Rather, Fink vaguely alleges that the insurance policy does not require him to undergo surgery before receiving benefits and that Paul Revere has engaged in a premeditated, fraudulent scheme to condition payment of disability benefits on requirements outside of the disability policy. (Countercl. ¶¶ 1–40.) Under this theory, Fink alleges that Paul Revere has violated New Jersey's Consumer Fraud Act, has committed common law fraud, and has breached Fink's disability policy. (Countercl. ¶¶ 41–63.)

Paul Revere now brings this Motion to Dismiss Fink's counterclaims under Rules 9(b) and 12(b)(6). (Mt.) Paul Revere's Motion presents several arguments, of which this Court will only address two.[1] First, Paul Revere argues that Fink's statutory and common law fraud claims fail to satisfy Rule 9(b)'s pleading requirements. Second, Paul Revere argues that Fink fails to allege facts that state a cause of action for breach of contract.[2]

## DISCUSSION

### I.     Standard of Review Under Rule 12(b)(6)

Under Rule 12(b)(6), this Court may dismiss a claim if the pleadings fail to state a cause of action. To survive a Rule 12(b)(6) motion to dismiss, the pleadings must set forth factual allegations sufficient to raise the probability of a right to relief above pure speculation. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007). While these factual allegations need not be detailed, they must contain more than legal conclusions and formulaic recitations. *Id.* If the

---

[1] The other arguments are moot since the two arguments that this Court addresses are sufficient grounds on which to grant Paul Revere's Motion.

[2] Paul Revere also argues that this Court should dismiss any claims made under the New Jersey Unfair Claims Settlement Practices Act (Mt. to Dismiss 19), but Fink has made clear that he is not asserting any such claims (Opp. to Mt. to Dismiss 20–21).

pleadings meet these standards, the claim may proceed—even if recovery is "remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

When engaging in this analysis, courts assume that the allegations in the complaint (or here the counterclaim) are true, even if they are doubtful. *Twombly*, 127 S. Ct. at 1965. This treatment applies to the interpretation of ambiguous contract provisions. *Martin Marietta Corp. v. Int'l Telecomm.s Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992); *see Operative Bricklayer's Union No. 64 Welfare Fund v. Bricklayer's Local Union No. 1 Welfare Fund*, 45 F.R.D. 429, 431 (E.D. Pa. 1968). Thus, given that it is ambiguous whether the disability policy requires Fink to undergo surgery as a precondition to receiving benefits, this Court will assume for this Motion that it does not.

## II.     Fink's Fraud Claims Fail to Satisfy Rule 9(b)'s Pleading Requirements

Paul Revere argues that Fink has failed to plead his fraud claims with sufficient specificity to satisfy Rule 9(b). (Mt. 7, 11–14.) Paul Revere reasons that Fink has failed to allege details such as precisely what misrepresentations were made, by and to whom they were made, and how they were fraudulent. (Mt. 7, 11–14.) This Court agrees.

Rule 9(b) mandates for all averments of fraud that parties plead the circumstances constituting fraud with specificity. This requires the party alleging fraud to specify, inter alia, what misrepresentations were made, which party made them, and how these misrepresentations were fraudulent. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

Because Rule 9(b) does not expressly authorize a motion for its enforcement, Rule 12(b)(6) provides an appropriate vehicle for challenges under Rule 9(b). *See Warden v. McLelland*, 288 F.3d 105, 108, 110, 114 (3d Cir. 2002). To survive such a Rule 12(b)(6) motion,

Fink must plead specific facts that, if true, support his claims. With respect to Fink's common law fraud claim, he must plead that Paul Revere intentionally made a material representation of present fact upon which Fink relied to his detriment. *See Jewish Ctr. of Sussex County v. Whale*, 432 A.2d 521, 524 (N.J. 1981). With respect to Fink's claim under the New Jersey Consumer Fraud Act, Fink must plead that Paul Revere used an unconscionable practice, deception, or knowing concealment of a material fact in connection with its sale of insurance to Fink. § 56:8-2.

Fink has failed to satisfy these requirements. His counterclaim alleges only vaguely that Paul Revere misrepresented the nature of the insurance policy to Fink at the time of sale. (Countercl. ¶¶ 1–3, 5, 7, 8.) It fails to specify who made these misrepresentations and what they were. These general allegations fail Rule 9(b)'s requirements. *See Rockefeller*, 311 F.3d at 216. Accordingly, Fink's fraud claims are dismissed.

**III.    Fink Has Failed to Allege Facts that Constitute a Breach of the Insurance Policy**

Paul Revere argues that this Court should dismiss Fink's breach of contract claim because the facts as Fink alleges them do not constitute a breach of contract. (Mt. 15.) Paul Revere reasons that even if this Court accepts Fink's interpretation of the policy—that Paul Revere is required to pay Fink benefits even if he refuses to undergo surgery—Paul Revere has not breached the policy since it continues to pay Fink benefits. (Mt. 15.) Fink's only coherent argument to the contrary is that Paul Revere has breached the contract by seeking a declaratory judgment. (Opp. 24.)

This Court agrees with Paul Revere. Accepting Fink's interpretation of the contract, as this Court must do on a motion to dismiss, it appears that Paul Revere has fully complied with its

terms by continuing to pay Fink benefits.  Fink does not allege that the contract contains a covenant not to sue, so Fink's argument that Paul Revere breached the contract by filing this suit is without merit.   Accordingly, this Court dismisses Fink's breach of contract claim.

### CONCLUSION

Generally, Paul Revere has appropriately framed this suit as a declaratory judgment, a dispute over its obligations under the insurance policy.  Of particular note, Paul Revere has apparently acted in good faith and has complied with the terms of the contract as Fink interprets it.  Fink appears unable to specifically allege any facts to the contrary.  Accordingly, Paul Revere's Motion to Dismiss Fink's counterclaims is **GRANTED**.  An appropriate Order accompanies this Opinion.

s/William J. Martini

William J. Martini, U.S.D.J.

Dated: 11/14/07